CITY OF PASCAGOULA v. VALVERDE *et al.**

(Division B. March 9, 1925.)

[103 So. 198. No. 24718.]

MUNICIPAL CORPORATIONS. *Lien for special improvement assessment paramount to prior lien in favor of county for school funds.*

Under sections 4150 and 4151, Code of 1892, authorizing counties to lend their sixteenth section funds upon real estate security and section 17, chapter 260, Laws 1912; section 5957, Hemingway's Code (a section of the special improvement statute for municipalities), providing that the assessments for special improvements under the latter statute against the abutting property shall be a lien on such property paramount to all other liens, state and county taxes excepted, *held*, that the lien given by the latter statute is paramount to a lien in favor of the county for sixteenth section funds under the former statute, even though the lien under the latter is prior in date to the lien under the former.

---

*Headnote 1.  Municipal Corporations, 28 Cyc., p. 1202.

APPEAL from chancery court of Jackson county.

HON. V. A. GRIFFITH, Chancellor.

Suit by the city of Pascagoula against M. L. Valverde and others. From decree holding that another lien upon property involved was paramount to that of plaintiff, plaintiff appeals. Reversed and remanded.

*H. B. Everitt,* for appellant.

I. This property is not exempt from general taxation for general revenue because the lien thereon created by the deed of trust of the appellee is in law a lien only and is not ownership of the property and hence same does not come under the exemption from such taxation as property owned by the state or property belonging to any college or institution for the education of youths or property occupied by public schools or under any other express exemption of the state tax statute. Section 2779, Code of 1906; Section 2283, Hemingway's Code; *Buck* v. *Paine & Baines,* 52 Miss. 271; *Carpenter* v. *Bowen,* 42 Miss. 28; *Buckley* v. *Daly,* 45 Miss. 338; *Freeman* v. *Cunningham,* 57 Miss. 6; *Adams* v. *Mfg. Co.,* 87 Miss. 263; *Glover* v. *United States,* 164 U. S. 294, 17 S. C. 95.

II. The property in controversy was not exempt or excepted from the operation of chapter 260, Laws of 1912, charging abutting property with the cost of municipal street improvement as property "owned by the state," for the same reasons above assigned and on the same authority cited on the foregoing proposition as to exemption from state tax generally or property "owned by the state."

III. The express exemption of property from general taxation as property belonging to colleges or the institutions for the education of youths of property occupied by trustees of public schools is a class of property so expressly exempt as to such taxes but as to which there is no exemption or exclusion provided by this statute for street improvements and hence the application of the rule of construction *"expressio unius est exclusio alterius."*

IV. In the absence of such statutory exemption of the property from the general or special taxation as here claimed, the claim that this chattel interest by way of security of this school fund should, on grounds of public policy, be excepted by implication from the application of this statute declaring a lien for the cost of this improvement to be "paramount to all other liens, state and county taxes alone excepted" is without merit, analogy or precedent. *Grenada* v. *Grenada County*, 115 Miss. 831; *Union Savings Bank* v. *Jackson*, 122 Miss. 557; *New Jersey Prov. Inst. Co.* v. *Mayor*, 113 U. S. 506, 5 S. C. 612; *Board of Commissioners* v. *Ottawa*, 49 Kan. 747, 33 Am. St. Rep. 396; *I. C. R. R. Co.* v. *City of Decatur*, 147 U. S. 190, 13 S. C. 93; *Adams* v. *Quincy*, 130 Ill. 566, 6 L. R. A. 155; *White* v. *People*, 94 Ill. 604.

*Denny & Heidelberg*, for appellees.

Counsel for appellant says that property belonging to the United States, the state, a county, municipality, institutions of learning, charity and religion, are exempt from taxation for general revenue, because rendered exempt by the sovereign state; and that because of such exemption from taxation for general revenue purposes, it does not follow, by implication, that such bodies are thereby and also exempt from assessments for street improvements. And thereupon counsel inquires: "But can it be consistently claimed that under any of these provisions the property of the citizen in this case was exempt from general taxation either as property owned by the state or the trustees of schools or school lands of the respective townships for use of public schools? Did this particular land fall into the class of property exempt from taxation and the prior lien for taxes due thereon, the moment it was conveyed to a trustee to secure a loan of one thousand dollars of sixteenth section school funds?"

There is no contention of appellee that where certain land is, by statute, exempt from taxation for general rev-

enue purposes it thereby becomes exempt from assess-
ment for street improvement. That matter bears no rela-
tion whatever to the issue here involved, and it does not,
in the remotest degree, form a basis of the claim of prior-
ity of its lien interposed by appellee, and set forth and es-
tablished by the pleadings and record here. The single
question of the priority of the lien of appellee over that
of appellant is here submitted for determination, and
such is all that is so submitted.

In behalf of appellee, it is submitted that the decree of
the chancery court in this cause overruling the demurrer
of appellant and holding that the lien of appellee on the
property of M. L. Valverde, described in the trust-deed,
is paramount and superior to that of appellant for street
paving costs, is sound, proper and valid, and should be
affirmed, because the city had no lien for such street im-
provement costs, except such as is given by the statute;
because the statute under which said improvement was
made and expense incurred does not give priority of the
lien granted municipalities on property of the state;
because the city could acquire no priority of its lien over
the pre-existing lien of the state by implication; be-
cause chapter 260, Laws of 1912, under which the claim
of lien is made by the city, and in section 4 of said chap-
ter, expressly excludes property of the state from opera-
tion of the lien given municipalities in such cases; be-
cause the one thousand dollars loaned Valverde from the
sixteenth section funds of the county, and the lien ac-
quired by appellee for its repayment in the form of
the trust-deed, were, prior to and at date of the alleged
expenditure for street paving, and still are "property
owned by the state;" because the title of the state in and
to said property is that of a trustee; because the state,
as owner of said property in trust which it had accepted
upon certain and specific conditions, did not, and could
not, change or alter the terms and conditions of said
trust, by act of its legislature whereby said trust fund
would or could be diverted from the purpose for which

it was created and granted; and because the decree complained of by appellant is in conformity and accordance with the law governing such matters.

We offer ample authority in support of these assertions, and sustaining the decree. Municipalities act under limited powers and must find their authority clearly given in the law. They have no powers except such as are delegated to them by the state, either expressly or by necessary implication. Whenever a city seeks to exercise power, it must find that power in its charter, or legislative act, or it must be one of necessary implication from other powers, granted in order to make effective the power which the legislature has conferred in express terms. *Wise* v. *Yazoo City,* 96 Miss. 507, 51 So. 453; *Hazelhurst* v. *Mayes,* 96 Miss. 656, 51 So. 890; *Steitenroth* v. *Jackson,* 99 Miss. 354, 54 So. 955.

Therefore, to succeed in establishing priority of lien over that of appellee the appellant must show authority therefor clearly given in the statute; and, inasmuch as appellant cites and seeks such priority under the provisions of chapter 260, Laws of 1912, it is dependent upon the provisions of said chapter for the establishment of its claim.

Section 4, chapter 260, is an express, positive and absolute exclusion of any property of the state from the operation of said chapter. It means that, in so far as state property is concerned, such shall, in no manner, become or be subject to any of the provisions of said chapter; that the said chapter shall be treated and considered as non-existent in relation to property of the state. We submit that the legislature had this exception, or exclusion, from operation of the act, in mind and, by inserting in said section 17, chapter 260, the words that "the cost of the special improvement to the extent that it may be assessed on the property of owners as provided by this act," it declared and gave notice to all municipalities that the powers and privileges granted in the chapter were limited to property owned by private parties, bod-

ies and institutions, but not to property of the state, upon which the lien authorized could be fastened.

Generally speaking, the legislature has the power to create liens for special assessments of taxes for local improvements, and for the enforcement of same, and make such liens superior and paramount to all other liens, except state and county taxes, including mortgages which antedate the act creating the special tax lien. But, such liens relate to and take precedence over existing mortgages, and other liens, of a private character or nature. *Baldwin* v. *Morony* (Ind.), 30 L. R. A. (N. S.) 761; *Williams* v. *Cammack,* 27 Miss. 209.

But the foregoing rule has no application where the prior mortgage was given to secure payment of school funds loaned, as in case at bar. 27 Cyc. 1176; *Public School Trustees* v. *Shotwell,* 45 N. J. Eq. 106, 16 Atl. 308; *Rahway* v. *N. J. Sinking Fund Commrs.,* 44 N. J. Eq. 296, 18 Atl. 56; *City of Seattle* v. *Hill,* 35 L. R. A. 378, Note 8; *State* v. *Kilburn,* 81 Conn. 9, 129 Am. St. Rep. 205; 25 R. C. L. 116; *San Diego* v. *Linda Vista Irrigation District* (Cal.), 35 L. R. A. and note; *City of Grenada* v. *Grenada County,* 115 Miss. 831, 76 So. 682.

Under the foregoing authorities, we think it manifest and certain that the property, which is the subject-matter of this suit, is not liable to the demand of appellant. The same rule, above discussed, applies to liens of the state or county, in the form of a trust-deed to secure payment of an indebtedness to the public school funds. The fund loaned Valverde was property, and it was and is property of the state, held in trust for the benefit of certain public schools in Jackson county.

As to sixteenth section funds, see: *Jefferson Davis County* v. *James-Sumrall Lbr. Co.,* 94 Miss. 530, 49 So. 611; *Moss Point Lbr. Co.* v. *Harrison County,* 89 Miss. 448, 42 So. 290.

In addition to the authorities hereinabove cited, appellee cites the following as pertinent: *Morton* v. *Grenada Academies, et al.,* 8 S. & M. 773; *Rabb* v. *Board of Super-*

*visors of Washington Co.,* 62 Miss. 593; *Veenon* v. *Board of Police,* 47 Miss. 181; *Pressly* v. *Ellis,* 48 Miss. 574; *Morrison* v. *Kinstra,* 55 Miss. 76; *Parham* v. *Stith,* 56 Miss. 471; *Green* v. *Tippah County,* 58 Miss. 337; *Joor* v. *Williams,* 38 Miss. 546; *Jones* v. *Madison County,* 72 Miss. 777, 18 So. 87.

ANDERSON, J., delivered the opinion of the court.

This appeal is from the chancery court of Jackson county. The sole question involved is as to priority of the lien given municipalities under section 17, chapter 260, Laws of 1912; section 5957, Hemingway's Code, on abutting property for the assessment levied against such property for the purpose of specially improving the street on which such property is situated, as against a prior lien of a deed of trust on such property in favor of a county to secure a loan of sixteenth section funds of the county under sections 4150 and 4151, Code of 1892.

We deem it unnecessary to set out the proceedings, except in a very brief manner, by virtue of which the question was developed. The deed of trust in favor of the county to secure the loan of sixteenth section funds was foreclosed against the property therein conveyed by the owner and borrower, appellee Valverde. The proceeds of the foreclosure were insufficient to satisfy the claim of the county and also of the city of Pascagoula. The trial court held that the lien of the county on the property involved was paramount to that of the municipality. From this decree this appeal is prosecuted.

The appellee M. L. Valverde for many years running back prior to 1902 has owned the land involved abutting on North Pascagoula street in the city of Pascagoula. In 1902 he borrowed from Jackson county one thousand dollars of sixteenth section funds, for the payment of which he gave his promissory note to the county and a deed of trust on said property to secure the same. This loan was made by authority of sections 4150 and 4151,

Code of 1892, and has been renewed from time to time since, and when this cause was begun more than the original amount borrowed was due on the loan. During the year 1920 the city of Pascagoula proceeding under chapter 260, Laws of 1912; sections 5941 to 5965, inclusive, Hemingway's Code, paved North Pascagoula street on which Valverde's property was situated, apportioning the cost thereof to the abutting property owners on said street, including Valverde, as provided by said statute. Valverde failed to pay his assessment, and thereupon the bill in this case was filed by the city of Pascagoula making Jackson county and all others having an interest parties. There was a trial resulting in the decree appealed from, which held that the lien of the county was superior to that of the city.

When the loan was made by Jackson county to Valverde in 1902, sections 3011, 3012 and 3013, Code of 1892, were in force, providing a plan for the improvement of streets, sidewalks, and alleys in municipalities by special assessment against abutting property owners. If not the identical the same character of statute is to be found in sections 3411 to 3413, inclusive, Code of 1906. And ever since the making of the loan to Valverde there has been in force in this state such a special improvement statute for municipalities. In all of which statutes the lien for the payment of the assessment on abutting property is made paramount to all other liens except that for the payment of state and county taxes. Section 3012, Code of 1892; section 3412, Code of 1906; section 17, chapter 260, Laws of 1912; section 5957, Hemingway's Code (the latter being the statute under which the city of Pascagoula proceeded). The language of the present statute is substantially the same as that contained in the Codes of 1892 and 1906, which follows:

"The cost of the special improvement to the extent that it may be assessed on the property owners as provided by this act, whether the special improvement be upon the sidewalk or the street, shall be a lien upon the

property adjoining same, paramount to all other liens, state and county taxes excepted, for the amount due by the owner of the property for the cost of the above special improvements.''

It is argued on behalf of the city of Pascagoula that the question involved is solvable by the language of the statute; that the statute means what it says, that the lien on the abutting property to pay for the special improvement shall be paramount to any and all other liens of any kind or character whatsoever except that of the state and county for their taxes.

On the other hand, it is urged on behalf of the county that sixteenth section school funds constitute public property, that such funds are held in trust by the state and counties for the benefit of the school children, and that a deed of trust to secure such funds and the proceeds thereof are exempt from taxation for any and all purposes as is other property belonging to the state.

Section 4251, Code of 1906, section 6878, Hemingway's Code, provides that the property named therein and "no other" shall be exempt from taxation, and among the property so exempt is all property real or personal belonging to the state or any county, levee board, or municipality in the state.

As we understand, the trial court took the view that the proceeds resulting from the foreclosure of a deed of trust to secure sixteenth section funds were property belonging to the state or the county, which is a political subdivision of the state, and therefore exempt from being taken by the municipality under the special improvement statute. It was held in *Grenada* v. *Grenada County,* 115 Miss. 831, 76 So. 682, that counties as political subdivisions of the state were immune from liability to the same extent the state was; that there could be no liability either of the state or county unless such liability was expressly or impliedly created by statute; and that under the statute here involved chapter 260, Laws of 1912, Hemingway's Code, sections 5941 to 5965, inclu-

sive, a municipality had no legal right to impose liability upon a county or the courthouse property of a county for paving a street on which such courthouse property was abutting, because there was no express or implied authority therefor in the statute. Whether the proceeds arising from the foreclosure of a deed of trust securing sixteenth section funds are subject first to the lien given by this special improvement statute or that of such deed of trust, although the latter is prior in time where, as in this case, the rights of both the county and municipality are to be adjudicated, it seems, depends entirely on which lien under the law is prior in right as against the land, for that will determine the *status* of the proceeds of the land.

The statute authorizing the loan by the county of the sixteenth section funds, section 4150 and 4151, Code of 1892, provides, among other things, that the several counties having sixteenth section funds are authorized through their boards of supervisors to lend such funds for a term of not exceeding five years, "the borrower in all cases securing the same by deed of trust upon real estate, duly filed and recorded." Under section 2779, Code of 1906, section 2283, Hemingway's Code, a deed of trust is not real estate nor an interest in land. It is expressly provided by that statute that the grantor in a deed of trust shall be deemed to be the owner of the legal title to the property covered thereby except as against the beneficiary therein and his assigns or the trustee in such deed of trust after breach of condition. There is no principle better settled in this state than that the mortgagor is the owner of the mortgaged property as against the world until a foreclosure of the mortgage, and he is owner also as against the mortgagee until after breach of condition, and at any time before forfeiture as owner of the legal title is capable of transmitting same by descent, devise, or deed; the mortgage being but a security for the debt and passing to the assignee of the debt as a mere incident thereto. *Buck* v. *Payne,* 52 Miss. 271; *Carpenter* v. *Bowen,* 42 Miss. 28.

It is important to keep in mind that Valverde's abutting property was the thing taxed. It was that which the city by the special improvement statute was given a lien on paramount to all other liens except that for state and county taxes. It should also be kept in mind that the deed of trust to secure the sixteenth section loan to Valverde was on this property. Therefore the contest between the city of Pascagoula and Jackson county was over the question of priority of lien as against that property. Certainly Valverde's lot was not state property; it belonged to him, notwithstanding there was a deed of trust on it to secure sixteenth section funds. The city of Pascagoula did not attempt to tax for the special street improvement the deed of trust in favor of the county, which was not property, but a mere security for an indebtedness. It sought to tax the abutting property and nothing else. The holder of a mortgage or deed of trust to secure an indebtedness is not the owner of any interest in the real estate covered by the mortgage. That belongs to the mortgagor or grantor in the mortgage or deed of trust. We are of opinion that the legislature intended by the statute authorizing the loan of the sixteenth section funds that the counties in lending such funds and taking security therefor should stand exactly like individuals similarly situated with rights no greater nor less. We hold therefore that assessments under this special improvement statute constitute a prior lien against the abutting property to all other liens except the lien for state and county taxes, whether such other liens be prior or subsequent. All conveyances and incumbrances of real estate by the owner are made subject to the right of the state to tax such real estate. When the county of Jackson lent the sixteenth section school funds to Valverde, it took the chances of his property which he gave as security therefor being subjected not only to state, county, and general municipal taxes, but assessments for special improvements of the character here involved. It took the chance of such taxation even

to the extent of the destruction of its security, for the county knew that the power to tax carries with it the pow- er to destroy—to confiscate if necessary. The assessment against abutting property under the statute here in- volved is a tax for public purposes. It is true it is not so to the same extent probably as ordinary state, county, and municipal taxes. It is a tax levied, however, for the benefit of the traveling public as well as the special im- provement of abutting property. The two purposes can- not be separated.

*Reversed and remanded.*