BUILDING & LOAN ASS'N OF JACKSON *v.* WOODWARD.

(Division B. Jan. 12, 1931.)

[131 So. 874. No. 29108.]

**Fulton Thompson,** and **R. H.** and **J. H. Thompson,** all of Jackson, for appellant.

**Z. A. Brantley,** of Louisville, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court of Winston county to recover damages alleged to have been suffered by appellant because of a breach of a covenant of warranty in a deed of conveyance from appellee to H. B. Caldwell and wife, through whom appellant acquired title to the land conveyed. The suit was for four hundred eighty-eight dollars and seventy-seven cents, and the judgment in favor of appellant was for seventy-five dollars. From that judgment appellant appealed; no cross-appeal is prosecuted by appellee.

On December 17, 1928, appellee conveyed to H. B. Caldwell and wife, by deed of general warranty, lots 6 and 7 in the town of Louisville, in Winston county. At the time of the conveyance there was a special street paving assessment against the lots of four hundred eighty-eight dollars and seventy-seven cents, divided into several annual installments, which under the statute was a charge against, and a lien on, the lots; and, in addition, ad valorem state, county, and municipal taxes for 1928 had become a lien on the lots.

There was excepted from the covenant of general warranty in the conveyance from appellee to the Caldwells all taxes for the year 1928 and thereafter. The exception in the deed is in this language: "It is agreed that the second party (vendee) shall pay all taxes for the year 1928 and thereafter." The Caldwells borrowed money from the appellant, to secure the payment of which they gave a deed of trust on the lots; and the deed of trust contained a covenant of general warranty. The Caldwells made default in payment of the money so borrowed. Thereupon the deed of trust was foreclosed, and at the

foreclosure sale appellant bought the lots, and received a deed thereto from the trustee in the deed of trust making the sale.

The question in the case is whether the language "all taxes" covers special improvement assessments, as well as state, county, and municipal taxes. If it does, appellant was entitled to recover nothing on the covenant of warranty; while if it does not, appellant was entitled to recover whatever loss it had suffered on account of having to pay the special assessments.

Special assessments are a species of taxation, although they are different in some respects from the general tax burdens imposed by the state. They are made upon the assumption that a portion of the community is to be specially benefited in the enhancement of their property; they constitute a contribution enforced by the state. 4 Words and Phrases, Second Series, p. 625. "The word 'taxes' in a broad sense includes special or local assessment on specific property benefited by a local improvement, for the purpose of paying therefor." 25 R. C. L., p. 82, par. 2. In City of Pascagoula v. Valverde, 138 Miss. 399, 103 So. 198, 200, the court held that a special assessment of this character against abutting property was a tax for public purposes. The court in that case used this language: "The assessment against abutting property under the statute here involved is a tax for public purposes. It is true it is not so to the same extent probably as ordinary state, county, and municipal taxes. It is a tax levied, however for the benefit of the traveling public as well as the special improvement of abutting property. The two purposes cannot be separated." To the same effect is Swayne v. City of Hattiesburg, 147 Miss. 244, 111 So. 818, 820, 56 A. L. R. 926. In that case the court used this language: "A special improvement assessment under such statute as the one here involved is the exercise of the taxing power of the state for public purposes."

We are of opinion that the better rule is that the term "all taxes" should be given its broad meaning, so as to include not only ad valorem taxes, but special benefit assessments. Giving the exception in the deed here involved that construction means that the appellant was not entitled to recover anything, because there was no breach of warranty on the part of appellee.

We would not be understood as holding that the words "all taxes," used in section 241 of the Constitution, was intended to cover special assessments; that question, of course, is not involved here, and is not decided.

Affirmed.