McLain *v.* Meletio *et al.*

(Division B. May 8, 1933.)

[147 So. 878. No. 30603.]

(1)

Nate Williamson, of Meridian, for appellant.

E. M. Livingston, of Louisville, for appellees.

Argued orally by **Nate Williamson**, for appellant.

**Anderson, J.**, delivered the opinion of the court.

Appellant filed his bill in the chancery court of Winston county against appellees to cancel certain conveyances under which appellees claimed title to lands described in the bill, to which lands appellant also asserted title. The prayer of the bill was that appellees' alleged title to the lands be canceled and appellant's be confirmed.

There is no real conflict in the evidence as to the material facts in the case. Appellant purchased the lands involved in October, 1925, from T. G. Ulhorn and J. L. Dunlap. The conveyance to him warranted title except as to the taxes of 1924 and 1925. The lands were delinquent for their 1924 ad valorem taxes. On the 6th day

of April, 1925, they were sold for such taxes and purchased by the state. Part of the lands were in a drainage district; they were delinquent for their drainage taxes for the years 1924 and 1925. On the 4th day of May, 1925, they were sold to pay such taxes and were purchased by the commissioners of the drainage district. The lands were not redeemed within two years after such tax sales.

Appellees claim title through conveyances from the state and the commissioners of the drainage district. Appellant contends that within the two-year period for redemption he made a tender to the chancery clerk of Winston county of a sufficient sum of money to redeem the lands from both of the tax sales, which tender was declined by the clerk. The clerk informed him that there were no outstanding tax sales of the land from which redemption could be had.

Appellant testified, and his evidence is undisputed, that within the two-year redemption period he presented to the chancery clerk a copy of his deed to the lands involved, and asked the clerk if there were any outstanding tax sales of the lands; that the clerk informed him that there were not; that the lands had been redeemed from their only outstanding tax sale; and that appellant had on his person at the time a sufficient amount of money to redeem the lands from both the ad valorem tax sale and the drainage tax sale. Appellant admitted that he did not tender the actual money to the clerk necessary to redeem the lands, but his evidence showed that he would have done so except for the fact that he was informed by the clerk that it was wholly unnecessary, because there were no outstanding tax sales from which the lands could be redeemed.

Appellees contend that what occurred did not amount, under the law, to an offer by appellant to redeem the lands; that an actual tender of the amount of money required for that purpose was necessary.

Statutes allowing land to be redeemed from tax sales are to be liberally construed in favor of the person seeking to redeem. Darrington v. Rose, 128 Miss. 16, 90 So. 632. Under the facts of this case, the law did not require appellant to tender to the clerk the required sum of money necessary to redeem these lands. The clerk had informed him that there were no outstanding tax sales from which to redeem. The law does not require one to do a vain and useless thing. A formal tender is never required where it appears that the money if tendered would not have been received. 26 R. C. L. 624, par. 3.

The appellant's offer to redeem from any and all tax sales covered sales for drainage assessment or taxes as well as ad valorem taxes. The word "taxes" in its broad sense includes special or local assessments on specific property benefited by a local improvement as well as ad valorem taxes. Building & Loan Association v. Woodward, 159 Miss. 343, 131 So. 874; Swayne v. City of Hattiesburg, 147 Miss. 244, 111 So. 818, 820, 56 A. L. R. 926; City of Pascagoula v. Valverde, 138 Miss. 399, 103 So. 198, 200.

Appellant's offer to redeem within the two-year period took away from both the state and the drainage commissioners the power to convey title to any one else. The decree is reversed and the cause remanded. It is remanded because it appears that the chancellor would probably be more competent to adjust the rights of the parties than this court.

Reversed and remanded.