KELLY *et al. v.* COKER *et al.*

(In Banc. Oct. 23, 1944.)

[19 So. (2d) 519. No. 35663.]

J. E. Harwell, of Meridian, for appellants.

V. W. Gilbert, of Meridian, for appellee, H. W. Burwell.

Snow & Covington, of Meridian, for appellee, James Coker.

Argued orally by **J. E. Harwell**, for appellants.

**Alexander, J.**, delivered the opinion of the court.

Bill was filed by appellants to invalidate a tax deed to H. W. Burwell and a quitclaim deed from him to James Coker. No point seems to be made regarding the fact or regularity of the tax sale. We accept therefore the fact that the property in question was sold to Burwell in 1931 for delinquent taxes for the preceding year. Tax deed

was delivered to him in 1936 and he executed deed thereto to Coker in 1939.

Two of the complainants testify positively that they went to the chancery clerk's office on two occasions carrying money to redeem the land from the sale. Each testified that their expressed purpose was to redeem it but that no each occasion the clerk told them "there was no taxes due on the place, it had been paid." He further told them that payment had been made by Burwell. They testified that they told the clerk they wanted to redeem it, and that they had the money to do so. It is abundantly disclosed that these owners knew of the necessity and procedure for redemption. In fact another tract was redeemed by them shortly thereafter and negotiations were sought to get a release from Burwell. The clerk had died in the meantime and there was no testimony to contradict or modify the foregoing positive statements. Under the circumstances, the learned chancellor was not justified in his finding that there was no offer to redeem. Tarver v. Lindsey, 161 Miss. 379, 137 So. 93. The offer and request to redeem when the party is ready and able to do so, where refused either arbitrarily or through unintentional misrepresentation of facts, took away from the state the power to convey the title to Burwell. McLain v. Meletio, 166 Miss. 1, 147 So. 878. See also Brannan v. Lyon, 86 Miss. 401, 38 So. 609. The tax deed to Burwell is therefore invalid.

Appellee Coker pleads rather informally his status as a bona fide purchaser from Burwell. This point is not argued by counsel, and is not here decided. The record is unsatisfactory in respect of certain relevant considerations, including the extent of occupancy of the lands by the original owners subsequent to the tax sale and prior to Coker's purchase; whether Coker would be or was in fact a bona fide purchaser without notice of appellants' claims or rights; and the extent of mesne profits from the use of the land by Burwell and Coker.

In this situation, the cause will be reversed 'and the sale as to Burwell set aside, but remanded as to the interest of Coker, if any, to be developed in the light of the views herein stated. Moore v. Sykes' Estate, 167 Miss. 212, 149 So. 789.

Reversed and remanded.

### PARTIALLY DISSENTING OPINION.

**Smith, C. J.,** delivered a partially dissenting opinion.

I am of the opinion that a final decree should be here rendered cancelling the claims of both Russell and Coker to this land. Counsel for Coker do not claim in their brief that he was a bona fide purchaser of the land from Russell without notice of the appellants' offer to redeem it from the tax sale, if such there in fact was, to Russell, and if made, the contention should fail.

The offer of the appellants to redeem the land from the tax sale, if any, to Russell operated as a redemption from the sale. McLain v. Meletio, 166 Miss. 1, 147 So. 878, 879; 61 C. J. 1276, withdrew from Russell "the power to convey title to any one else," McLain v. Meletio, supra, restored the appellants to their "title as it stood before the sale," 61 C. J. 1287, and the "doctrine of caveat emptor applies to purchasers of tax titles," 61 C. J. 1328.