445 So.2d 546 (1984)
Gene LEVY
v.
Julius S. McCAY, Mary Helen Cagle, Linda Faye Wallace, Raymond Owens a/k/a Ellis Ray Owens, L.T. Brantley, Jr., A.B. Brantley, R.M. Brantley and Marlene Brantley Patterson, et al.[1]
No. 54691.
Supreme Court of Mississippi.
February 15, 1984.
M. Charles May, Jackson, for appellant.
John Arthur Eaves, Eaves & Eaves, Jackson, for appellees.
Before WALKER, P.J., and ROY NOBLE LEE and BOWLING, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Chancery Court of the First Judicial District of Hinds County, wherein the Chancellor denied confirmation of a tax deed held by the appellant, Gene Levy. From this judgment Levy *547 perfected an appeal to this Court and assigns as error the following:
The court erred in invalidating the tax deed under the equity powers of the chancery court when the sale conformed to the laws.
On September 19, 1977, the property in question was sold by the tax collector of Hinds County for the ad valorem taxes due thereon for the year 1976. The highest bidder and purchaser at the tax sale was Gene Levy, appellant.
On September 16, 1980, the appellant brought suit in chancery court to confirm his tax deed. Interested parties were served with process and a hearing was held on April 14, 1981. The appellant introduced evidence that the 1976 taxes on the subject property were in arrears; that a tax sale had been conducted according to law; that he was the highest bidder and purchaser at the tax sale; that the owners had failed to redeem the property within two years; and that he held a tax deed properly executed by the Hinds County Chancery Clerk.
The appellee, Raymond Owens, defended on the grounds that he offered to pay the taxes in September of 1977 but was told that someone else had already paid them. He also testified that he tried to pay the taxes again in 1978 and 1979. Each time he was told that the taxes had been paid by someone else. This testimony was corroborated by Emma Owens, the appellee's daughter, who testified that she went with her father to pay the taxes in September of 1977.
On October 15, 1982 the chancellor filed an opinion and final decree allowing Raymond Owens to repay the back taxes with interest and, provided he did so within sixty days, voiding the tax deed.
The appellant contends on this appeal that the chancellor erred in voiding the tax deed. He argues that the exclusive grounds for invalidating a tax deed are set forth in Mississippi Code Annotated section 27-45-23 (1972), which provides in pertinent part:
No such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place. If any part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale nor invalidate the conveyance, unless it appear that before sale the amount legally chargeable on the land was paid or tendered to the tax collector.
Since the appellee proved none of the above statutory grounds, the appellant contends that the statute prohibits the voiding of his tax deed.
However, in Union Savings Bank & Trust Company v. City of Jackson, 122 Miss. 557, 84 So. 388 (1920), this Court stated:
In our opinion the constitution itself confers the right of redemption. The legislature may impose reasonable conditions on the right to redeem under the constitution, but the right cannot be defeated by the legislature neglecting or failing to provide a scheme by which it may be done. The courts will afford a remedy in case the legislature furnishes none, and equity has jurisdiction of a suit to redeem independent of the legislature.

122 Miss. 573, 84 So. 388. (Emphasis added). See also Carmadelle v. Custin, 208 So.2d 51 (Miss. 1968).
With this principle in mind, we turn to the question of whether the chancery court properly exercised its equity powers in voiding the appellant's tax deed.
In Kelly v. Coker, 197 Miss. 131, 19 So.2d 519 (1944) the taxpayers testified that they went to the chancery clerk's office on two occasions to pay the taxes and redeem their property. On each occasion the clerk told them "there was no tax due on the place, it had been paid." The Court set aside the tax deed, holding that an offer to redeem, when refused either arbitrarily or through an unintentional misrepresentation of facts, takes away from the state the *548 power to convey title for nonpayment of taxes.
McClain v. Meletio, 166 Miss. 1, 147 So. 878 (1933) is another case where the clerk informed a taxpayer that there were no outstanding tax sales on his property. The evidence showed that the taxpayer failed to make a formal tender, but had been ready and able to pay the taxes. The Court held that no formal offer to redeem was necessary under the facts, noting that the law does not require a vain and useless thing.
The Court was again faced with this issue in James v. Tax Investment Company, 206 Miss. 605, 40 So.2d 539 (1949), wherein it stated:
This case is no different in principal from McClain v. Meletio, 166 Miss. 1, 147 So. 878; Kelly v. Coker, 197 Miss. 131, 19 So (2d) 519; Beauchamp v. McLauchlin, 200 Miss. 83, 25 So.(2d) 771; McNatt v. Hyman, Miss. [204 Miss. 824] 38 So.(2d) 107, not yet reported in State Reports; and Brannon v. Lyon, 86 Miss. 401, 38 So. 609. In those cases it was held that statutes allowing land to be redeemed from tax sales are to be liberally construed in favor of the person seeking to redeem, and that an owner's offer to redeem from any and all tax sales within the redemption period, with sufficient money upon his person with which to effect such redemption, includes every form of taxes and takes away from the taxing authorities the power to convey title to any one else pursuant to tax sales from which no redemption had actually been accomplished by reason of neglect or otherwise of the custodian of the tax sale records.
206 Miss. 618-19, 40 So.2d 539.
In the instant case the appellee testified that he tried to pay his taxes in 1977, 1978, and 1979, but was informed each time that no taxes were owing on the property. Although neither the deputy tax collector nor the deputy chancery clerk expressly remembered talking to the appellee, his testimony is otherwise uncontradicted.
The appellee's offer to pay the taxes due manifestly includes an offer to redeem and brings this case within the rule of Kelly v. Coker, supra. This offer took away from the taxing authorities the power to convey title to the appellee's property. Accordingly, the chancellor was correct in voiding the tax deed and allowing the appellee to redeem.
For the above reasons, the case is affirmed.
AFFIRMED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Raymond Owens was the only named defendant who was represented at the hearing on this matter. On appeal, he is the only appellee to file a brief.