977 So.2d 1241 (2008)
MARATHON ASSET MANAGEMENT, LLC, Appellant
v.
Alicia OTTO and Jonathan Otto, Appellees.
No. 2006-CA-01386-COA.
Court of Appeals of Mississippi.
March 25, 2008.
*1242 Hunter Fariss Crisler, Jackson, attorney for appellant.
Paul E. Rogers, Jackson, attorney for appellees.
Before KING, C.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. This appeal resulted from a case in the Hinds County Chancery Court wherein Marathon Asset Management, LLC (Marathon) sought to set aside an order entered in another action in which the chancellor granted Alicia and Jonathan Otto's request to extend the tax redemption period. The chancellor held that the court had the authority to extend the redemption period for an additional sixty days, and therefore, Marathon's request to conform its tax title was denied. Marathon now appeals, asserting that the chancellor committed error in: 1) finding that the statutory redemption period for the tax sale could be extended after the maturity date expired and 2) giving credence to and recognizing the preceding order granting the motion to amend judgment and denying the motion to reconsider when Marathon's predecessor in interest was not a party to the civil action. Finding no error, we affirm.

*1243 FACTS AND PROCEDURAL HISTORY
¶ 2. On August 28, 2000, Ironwood Acceptance Corporation (Ironwood) purchased a parcel of land located in Hinds County. Ironwood purchased the land at a tax sale by paying a sum in the amount of the 1999 ad valorem taxes owed. The two-year tax redemption period for the subject property began to run on this day and was set to expire on August 28, 2002. Subsequently, Ironwood obtained a deed for the subject property that was recorded in the office of the Chancery Clerk of Hinds County. Ironwood thereafter transferred title to Marathon by way of a quitclaim deed that was also recorded with the Hinds County Chancery Clerk.
¶ 3. On February 11, 2002, a special commissioner was appointed by the chancery court for the purpose of selling the subject property through a foreclosure sale. The sale was intended to foreclose a deed of trust on the subject property held by AmSouth Bank. On June 4, 2002, the commissioner conducted the foreclosure sale on the subject property whereby Alisha Otto and Jonathan Otto were the highest bidders. However, the Ottos were delayed in obtaining title to the property by separate court proceedings involving the subject property. Therefore, the deed to the subject property was not conveyed to the Ottos until September 9, 2002. Subsequently, the deed was recorded in the land records of the office of the Hinds County Chancery Clerk. The conveyance occurred twelve days after the tax redemption period for the previous tax sale had expired.
¶ 4. On November 1, 2002, AmSouth Bank filed a motion to amend the final judgment on behalf of the Ottos with the chancery court, asking the court to extend the tax redemption period in order to allow the Ottos to redeem the subject property. The chancellor, finding that the Ottos were delayed' in receiving the subject property due to the dilatory actions of the property's former owners, granted the motion to amend on November 22, 2002. In doing so, the chancellor approved a provision extending the tax redemption period. By letter dated December 3, 2002, the Hinds County Chancery Clerk notified the Ottos that they were granted an additional sixty days in order to redeem the subject property from the tax sale. On January 3, 2003, within the court-ordered redemption period, the Ottos redeemed the subject property by paying the 1999, 2000, and 2001 taxes plus interest and fees totaling $8,292.65. Subsequent to purchasing the property, the Ottos also expended the sum of approximately $60,000 in order to improve and renovate the property.
¶ 5. Marathon filed its complaint with the Chancery Court of Hinds County on February 10, 2004, seeking to have the court confirm the title to the subject property in Marathon. The chancellor found the Ottps to be the fee simple owners of the land. Marathon now appeals that decision.

STANDARD OF REVIEW
¶ 6. "A chancellor's findings of fact will not be disturbed unless manifestly wrong or clearly erroneous. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." Sanderson v. Sanderson, 824 So.2d 623, 625-26(¶ 8) (Miss.2002) (citations omitted).
¶ 7. "We conduct a de novo standard of review for determinations of legal questions." Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002).

*1244 ANALYSIS
I. Whether the chancellor erred in finding that the chancery court had the authority to extend the redemption period.
¶ 8. Marathon claims that the chancellor acted outside of his statutory authority by extending the tax redemption period by sixty days to allow the Ottos to redeem the subject property. Marathon is correct in its assertion that the statutory redemption period is generally two-years from the date of the tax sale. The method by which a tax sale can be redeemed is set forth in section 27-45-3 of the Mississippi Code Annotated, which provides in part:
The owner, or any persons for him with his consent, or any person interested in the land sold for taxes, may redeem the same, or any part of it, where it is separable by legal subdivisions of not less than forty (40) acres, or undivided interest in it, at anytime within two (2) years after the day of sale, by paying the chancery clerk, regardless of the purchaser's bid at the tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale. . . .
Miss.Code Ann. § 27-45-3 (Supp.2006). However, Marathon's argument fails in assuming that the two-year redemption period is absolute. "The legislature may impose reasonable conditions on the right to redeem under the constitution, but the right cannot be defeated by the legislature neglecting or failing to provide a scheme by which it may be done. The courts will afford a remedy in case the legislature furnishes none, and equity has jurisdiction of a suit to redeem independent of the legislature." Levy v. McCay, 445 So.2d 546, 547 (Miss.1984) (quoting Union Sav. Bank & Trust Co. v. Jackson, 122 Miss. 557, 573-74, 84 So. 388, 391 (1920)). Our supreme court has chosen to refrain from applying a strict interpretation to the redemption statute. See James v. Tax Inv. Co., 206 Miss. 605, 618, 40 So.2d 539, 543 (1949); McLain v. Meletio, 166 Miss. 1, 5, 147 So. 878, 879 (1933); Darrington v. Rose, 128 Miss. 16, 25, 90 So. 632, 634 (1922). To the contrary, the supreme court has held that statutes allowing the right of redemption from tax sales, whether by the owner of the fee, or any person who has an interest in the land, "are to be liberally and benignly construed in favor of the right to redeem." Darrington, 128 Miss, at 25, 90 So. at 634.
¶ 9. It should be noted that the cases cited above held that redemption was effected where the owner or interested party made an attempt to redeem the land, but redemption was not accomplished dye to negligence on the part of the clerk or custodian of records. However, the party attempting to redeem in these cases was either the original owner, had acquired a deed, or otherwise held record title during the redemption period. There is no evidence that the Ottos made an offer to the chancery clerk to redeem the property, but they also did not hold record title and had no reason to know that redemption was necessary during the redemption period. Though arguably they had an interest in the property as the winning bidders at the foreclosure sale, that interest was contingent on the chancellor confirming the sale. It is our opinion that this case presents an issue of first impression before this Court. Therefore, it is necessary to examine the known facts of this case to determine if the chancellor acted outside of his authority.
¶ 10. The statutory redemption period was extended by a chancellor's order due to the dilatory actions of a third party. It is without question that the statutory redemption period expired on August 28, 2002. It is also undisputed that the foreclosure proceeding, by which the *1245 Ottos purchased the subject property, was commenced within the redemption period on June 4, 2002. The chancellor found that at the time of the foreclosure sale the Ottos stood ready, willing, and able to redeem the subject property, and they would have redeemed the property had they not been delayed by the actions of the original owners. In fact, because of separate court proceedings involving the original owners and the subject property, the Ottos did not obtain legal title to the property until more than two months after the commencement of the foreclosure sale. Given the facts of this case and keeping in mind that the redemption statute is to be liberally construed, we agree with the Ottos' assertion that extending the redemption period by an additional sixty days was reasonable under the circumstances.
¶ 11. It is worthy to note that among the reasons given by some of the courts for such a liberal construction of statutes of this character is that the purchaser at a tax sale suffers no loss; he buys with full knowledge that his title cannot be absolute until the time for redemption expires, and if his title is defeated by redemption, it reverts to the original owner; and if it is redeemed, he is fully reimbursed for his outlay, with interest. Darrington, 128 Miss, at 25-26, 90 So. at 634. Therefore, Marathon, as Ironwood's successor in interest, knew or should have known that it was purchasing an unconfirmed interest in the subject property at the time it was purchased. The Ottos correctly point out that often purchasers are motivated to purchase properties at a tax sale because they are able to get a conditional title to the property at far less than its market value. The fact that an owner may redeem the property is a calculated risk that purchasers knowingly accept. At the time Ironwood purchased the subject property at the tax sale, it knowingly accepted the risk that its title would be defeated by redemption, and this risk was transferred to Marathon. Further, Marathon has suffered no personal or pecuniary loss as a result of the chancellor's decision to extend the redemption period. Marathon, which obtained the property by paying off the outstanding property taxes, has been reimbursed for that amount by the Ottos.
¶ 12. Given that there is no statute that explicitly prohibits the extension of the redemption period and our supreme court has directed us to construe the redemption statute liberally in favor of redemption, we find no error in the chancellor's decision to extend the tax redemption period. Granting the Ottos an additional sixty days to redeem the subject property was reasonable considering that they stood ready to redeem the property within the statutory redemption period, and the subsequent delay was outside of their control. Such was not outside of the chancellor's authority.
II. Whether the chancellor erred in recognizing the order granting AmSouth Bank's motion to amend the final judgment and denying the motion to reconsider when Ironwood was not a party to the civil action.
¶ 13. Marathon contends that Ironwood was a necessary and indispensable party to the civil action whereby the chancellor's order extending the tax redemption period was issued. It further argues that because Ironwood was not made a party to that civil action, the contents and provisions of that order, even if valid, are not applicable to Ironwood or its successors. We are not required to determine whether Ironwood, as Marathon's predecessor in interest, was a necessary and indispensable party to the original civil action because, even assuming that it was, Marathon *1246 is procedurally barred from bringing its Rule 19 objection on appeal.
¶ 14. Rule 19(a) of the Mississippi Rules of Civil Procedure provides that a person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
(1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject matter of the action and is so situated that the disposition in his absence may . . . impede his ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. . . .
If he has not been so joined, the court shall order that he be made a party. Miss. R. Civ. P. 19(a). However, Rule 12(h)(2) of the Mississippi Rules of Civil Procedure requires a party to raise the issue of failure to join a necessary and indispensable party in their pleadings under Rule 7(a) or by motion for judgment on the pleadings or at the trial on the merits. See Miss. R. Civ. P. 12(h)(2). Generally, failure to raise an objection based on non-joinder at trial procedurally bars the objecting party from raising the issue on appeal. Shaw v. Shaw, 603 Sp.2d 287, 293 (Miss.1992) (citing Nat'l Life & Accident Ins. Co. v. Miller, 484 So.2d 329, 337 (Miss.1985)). Our supreme court has found that an exception exists allowing an appellate court to consider the issue sua sponte when the interests of an absent person are prejudiced by virtue of not being made a party to the original action. Shaw, 603 So.2d at 294. It has stated:
The court of appeals may remand the action to allow the trial court to make the joinder determination, or may conduct a Rule 19 analysis itself. However, where the judgment appealed from does not prejudice the interests of the absent person the appellate court usually will not disturb an otherwise valid judgment on grounds of prejudice to the defendant alone, since any prejudice to the defendant has been brought upon him by his own failure to object to non-joinder in the trial court.
Id. (citations omitted).
¶ 15. In this case, it is true that Ironwood was not made a party to the original action where the chancellor extended the tax redemption period. However, Marathon was given the opportunity to raise the issue of failure to join Ironwood as a necessary and indispensable party as a defense in its suit to confirm title. Marathon failed to bring its Rule 19 objection by motion for judgment on the pleadings or at trial on the merits. It was only after the chancellor denied its claim to confirm title in its name that Marathon raised this objection. Therefore, the only way that the issue may now be heard on appeal is if this Court raises it sua sponte in accordance with our supreme court's holding in Shaw. We hold that this is not necessary. Ironwood was notified by letter of the foreclosure sale and the possibility that the tax redemption period could be extended. This knowledge was imputed to Marathon, as Ironwood's successor in interest. Neither Ironwood nor Marathon chose to challenge the joinder issue until after the conclusion of the trial court proceedings. Therefore, any prejudice to Marathon has been brought upon it by its own failure to object to non-joinder in the chancery court. Marathon's claim under Rule 19(a) is barred by Rule 12(h)(2). This issue is without merit.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS *1247 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING AND CHANDLER, JJ., CONCUR. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS AND BARNES, JJ. CARLTON, J., NOT PARTICIPATING.
ROBERTS, J., Dissenting:
¶ 17. Because possession of title is not required for one to exercise the right of redemption and because no attempt was made to redeem the subject land within two years of the tax sale, I find that the chancellor acted outside of his authority in extending the period of redemption. Therefore, I respectfully dissent.
¶ 18. The majority concludes that the dilatory actions of the original owners, which caused a delay in the conveyance of the land to the Ottos, provided equitable justification to extend the two-year redemption period prescribed by Mississippi Code Annotated section 27-45-3 (Supp. 2006). As the majority stresses, precedent does provide that statutes allowing the redemption of land from tax sales are liberally construed in favor of redemption. See, e.g., Levy v. McCay, 445 So.2d 546, 548 (Miss.1984) (quoting James v. Tax Inv. Co., 206 Miss. 605, 618-19, 40 So.2d 539, 543 (1949)); McLain v. Meletio, 166 Miss. 1, 5, 147 So. 878, 879 (1933); Darrington v. Rose, 128 Miss. 16, 25, 90 So. 632, 634 (1922). However, I find no legal authority or equitable justification to extend the two-year period of redemption based on the facts of the instant case.
¶ 19. The dilatory acts of the original owners did not hinder the Ottos from exercising their right to redeem the land. Our redemption statute allows the right of redemption to be exercised by "the owner, or any persons for him with his consent, or any person interested in the land sold for taxes. . . ." Miss.Code Ann. § 27-45-3 (emphasis added). The Mississippi Supreme Court, liberally construing this language in favor of redemption, has explained that:
[The right to redeem] is not confined to the owner of the fee, but any person who has any interest in the land may redeem; that any right which in law or equity amount to the ownership of land, any right of entry on it, or to its possession or enjoyment, gives the owner thereof the right of redemption.

Darrington, 128 Miss, at 25, 90 So. at 634 (emphasis in original). In the instant case, the Ottos purchased the subject land through a foreclosure sale. Thus, they were clearly "person[s] interested in the land" within the meaning of section 27-45-3; consequently, they were free to redeem the property during the redemption period if they so chose. Because possession of title is not required for one to exercise the right of redemption, I find the delayed conveyance caused by the original owners inconsequential to the Ottos' failure to timely exercise their right of redemption.
¶ 20. The chancellor's decision to extend the redemption period in the instant case is not supported by the cases cited by the majority. Those cases held that redemption was affected where the owner or interested party offered to redeem land within the redemption period, but redemption was not accomplished due to negligent conduct of the clerk or custodian of records. See Levy, 445 So.2d at 548 (owner attempted to pay on three occasions, but the clerk informed him each time that no taxes were due); James, 206 Miss, at 617-18, 40 So.2d at 542 (owner made repeated attempts to pay, but the deputy clerks refused to wait on her out of dislike); McLain, 166 Miss, at 5, 147 So. at 879 *1248 (owner offered to pay, but the clerk informed him that no taxes were outstanding). In the instant case, no attempt was made to redeem the subject lands within the two-year period. Moreover, the negligent/dilatory conduct complained of was not attributable to the clerk of court or a custodian of records and, as explained above, did not impair or impede the Ottos' right to redeem the land.
¶ 21. Because the Ottos provided insufficient justification for their failure to redeem within the two-year period prescribed by section 27-45-3, I find the chancellor abused his discretion in extending the redemption period and in denying Marathon's request to confirm its tax title. Therefore, I would reverse and render judgment in favor of Marathon on the issue of title. Additionally, because the chancellor did not reach the Ottos' counterclaim for an equitable lien,[1] I would reverse and remand this issue for the chancellor to determine whether and in what amount an equitable lien should be imposed based upon the costs of any improvements, payment of the taxes, and other related expenses.
GRIFFIS AND BARNES, JJ., JOIN THIS OPINION.
NOTES
[1] At trial, the Ottos filed a counterclaim for alternative relief. Specifically, the Ottos prayed that, should the chancellor not confirm title in them, that the court should impose an equitable lien of $100,000 on the property for costs of improvements, taxes, interest, fees, attorney's fees, and costs.