# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01003-COA

**ARMA J. MORTON AND JESSIE B. MORTON**                    **APPELLANTS**

**v.**

**WALTER QUINN AND RESSIE QUINN**                    **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/02/2015 |
| TRIAL JUDGE: | HON. KENNETH M. BURNS |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JOSEPH N. STUDDARD |
| ATTORNEY FOR APPELLEES: | WILBUR GORDON HAMLIN JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | CONFIRMED JUDICIAL SALE |
| DISPOSITION: | REVERSED AND REMANDED - 12/13/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     This appeal arises out of a suit and resulting judgment of a judicial partition sale, filed in the Clay County Chancery Court by Walter and Ressie Quinn.  The initial suit named Arma Morton as the sole and individual defendant in this matter, though both Arma and Jessie Morton held a shared interest in the subject property.  Jessie was named as a party defendant a year after the initial petition.  Jessie and Arma appeal two issues: (1) the omission of Jessie as a respondent to the action and (2) whether trial-court orders prepared by counsel opposite are entitled to judicial deference.  Finding error in the omission of Jessie as a respondent to the matter, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     Walter and Ressie ("the Quinns") jointly inherited an equal share of the subject property from Walter's mother.  Though the majority of Walter's siblings quitclaimed their interest of the subject land to Walter, one sibling quitclaimed her interest to her daughter and son-in-law, Jessie and Arma (the "Mortons").  The Mortons resided in a dilapidated home located on the subject property.  On December 4, 2013, the Quinns filed their petition to partition the subject property in the Clay County Chancery Court against Arma individually.  The complaint sought to partite in kind the subject real property located in Clay County.

¶3.     On July 17, 2014, Arma filed her answer and counterclaim, alleging that she obtained title to a portion of the subject real property through adverse possession; however, she did not raise the defense of failure to join an indispensable party under Rule 12(h)(2) of the Mississippi Rules of Civil Procedure.  On that same day, Arma filed her Mississippi Rule of Civil Procedure 68 offer of judgment, asking the court to award the Quinns the right, title, and interest to the subject real property.  Nevertheless, the offer was not accepted.

¶4.     On August 25, 2014, the trial court entered an order appointing the Clay County Chancery Clerk as the master of the judicial sale of the subject property.  The master was required to advertise the beginning bid at $21,500, the value determined by an independent property surveyor.  The master published a notice of the judicial sale in the local newspaper for four consecutive weeks.  The judicial sale took place on September 29, 2014, at the Clay County Chancery Courthouse.  The Quinns submitted the highest bid, and the property was subsequently sold to them. The master's judicial-partition-sale report reflected the same. On November 20, 2014, a hearing was set to confirm the sale of the subject property; however,

the proceedings were discussed in-chambers.

¶5.    During the in-chambers conference, Arma raised the defense of failure to join an indispensable party under Rule 12(h)(2). Arma asserted that the Quinns' failure to join Jessie in the action was an error that invalidated the confirmation of the sale. Arma contended that both she and her husband jointly owned the one-fifteenth interest in the subject property, thereby effectively making Jessie an indispensable party. The matters were not resolved that day, and the Quinns subsequently filed a second amended petition naming Jessie as a party defendant to the action. The amended pleading did not raise additional issues; it merely added Jessie as a party to the action a year after the initiation of the action.

¶6.    The Mortons waived process and filed their counterclaim on February 20, 2015. On March 2, 2015, a final hearing was held, and the Quinns and the Mortons were both present. The Quinns asserted that Jessie had to establish that he had been prejudiced by the Quinns' failure to add him as a party defendant. However, when asked if Jessie would testify regarding his prejudice, he declined. Nevertheless, the Mortons' counsel asserted that Jessie was prejudiced since he did not want the property sold, but preferred a division in kind.

¶7.    Upon completion of the final proceedings, the Quinns submitted an order and final judgment to the trial court, confirming the master's sale of the subject property, and finding that Jessie failed to establish prejudice in the matter. The order further stated that Jessie had not endured prejudice by being omitted from the matter, since Arma failed to raise the omission as an affirmative defense. The trial court entered the order four days later.

¶8.    The Mortons now appeal. On appeal, they assert that the final order and judgment

3

prepared by the Quinns should not be entitled to judicial deference, since it was prepared by the Quinns' counsel and not by the trial-court judge. The second issue on appeal is whether the trial court committed reversible error when it found that the omission of Jessie from the initial complaint did not result in prejudice to the Mortons.

**STANDARD OF REVIEW**

¶9.     On appeal from chancery court, this Court employs a limited standard of review. *Venture Sales LLC v. Perkins,* 86 So. 3d 910, 913 (¶10) (Miss. 2012) (quoting *Corp. Mgmt. v. Greene Cty.*, 23 So. 3d 454, 459 (¶11) (Miss. 2009)). We will not disturb a chancellor's factual findings "when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous[,] or applied an erroneous legal standard." *Id*. (quoting *Greene Cty.*, 23 So. 3d at 459 (¶11)). We review a chancellor's decision on joinder for abuse of discretion. *Estate of Davis v. ONeill*, 42 So. 3d 520, 524 (¶15) (Miss. 2010).

**DISCUSSION**

¶10.    Since the first issue is dispositive, we decline to address the other issue on appeal. "[T]he decision of a trial judge will stand 'unless we conclude that the discretion was arbitrary and clearly erroneous, amounting to an abuse of discretion.'" *Ashmore v. Miss. Auth. on Educ. Television*, 148 So. 3d 977, 983 (¶17) (Miss. 2014) (quoting *Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 34 (¶4) (Miss. 2003)). After the amended petition was filed, adding Jessie as a respondent, the sale was not vacated, and Jessie was not given a chance to meaningfully participate in the disposition of his property. Jessie favored a

4

partition in kind rather than a sale, yet he was not afforded the opportunity to respond to the Quinns' request for a judicial sale.

¶11.   Mississippi Code Annotated section 11-21-11 (Rev. 2004) permits a judicial partition by sale only where: "[A] sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made." At the hearing to confirm the judicial sale, the Quinns asserted that Jessie had to illustrate that the omission of his name as a respondent resulted in prejudice. The trial court afforded him with an opportunity to testify as to any prejudice that he may have incurred. Jessie declined to testify but asserted that he was prejudiced by the sale since he preferred a partition in kind. Moreover, the record shows that Jessie lived on the property, and that the sale would directly affect the location of his patio and other fixtures. Since the disposition of the land directly impacted Jessie's rights to the subject property, the judicial sale should have been vacated.

¶12.   In *Shaw v. Shaw*, 603 So. 2d 287, 294 (Miss. 1992), the Mississippi Supreme Court held, "While the question of joinder of an absent person generally must be timely raised in the trial court, an appellate court may consider the issue even though it was not initially raised below, and may do so sua sponte." In the present case, the nonjoinder was raised, but it was not properly raised by the filing of a motion. However, Jessie did raise the matter at the hearing to confirm the sale, which sufficiently preserved the matter on appeal. "Rule 12(h)(2) of the Mississippi Rules of Civil Procedure requires [parties] to raise the issue of failure to join a necessary and indispensable party in the pleadings under [Mississippi ] Rule

5

[of Civil Procedure] 7(a) or by motion for judgment on the pleadings or at the trial on the merits." *Marathon Asset Mgmt. LLC v. Otto*, 977 So. 2d 1241, 1246 (¶14) (Miss. Ct. App. 2008).

¶13.    The supreme court has noted that "parties whose rights are to be affected are entitled to be heard . . . . Furthermore, they must be notified in a manner and at a time that is meaningful." *Aldridge v. Aldridge*, 527 So. 2d 96, 98 (Miss. 1988) (internal citations omitted).  Jessie was not properly noticed or added as a respondent until a year after the matter was initiated.  Once the Quinns filed their second amended petition for a judicial sale, naming Jessie as a respondent, the sale of the subject property should have been vacated and renoticed for a proper sale, involving all parties if Jessie's in-kind partition did not materialize.  Nevertheless, the court presumed that since Jessie and Arma were husband and wife, Jessie had knowledge of the actions regardless of his omission as a respondent in the matter.  We find that presumption was in error.

## CONCLUSION

¶14.    Since Jessie was not notified of the judicial sale and he did not participate in the agreement for sale, we reverse and remand the judgment granting the partition sale to allow Jessie to proceed to facilitate an in-kind partition of his interest in the property.

¶15.    **THE JUDGMENT OF THE CLAY COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO  THE APPELLEES.**

   **LEE, C.J., BARNES, ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR.  IRVING, P.J., AND WILSON, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., DISSENTS**

6

**WITHOUT SEPARATE WRITTEN OPINION.**