317 So.2d 387 (1975)
Lethie BARNES
v.
Ivory BARNES.
No. 48182.
Supreme Court of Mississippi.
July 28, 1975.
Clay B. Tucker, Woodville, for appellant.
Johnson & Walker, Jackson, for appellee.
Before GILLESPIE, SMITH and SUGG, JJ.
*388 SUGG, Justice,
The complainant, Ivory Barnes, was granted a divorce from his wife, Lethie Barnes, by the Chancery Court of the Second Judicial District of Hinds County. Complainant was also awarded exclusive possession of 5 1/4 acres of land located in Wilkinson County owned by complainant and defendant.
The defendant appeals from the award to complainant of possession of the land as being beyond the scope of the pleadings and proof.
Complainant did not, in either the original or amended bill of complaint, submit the issue of possession of the land for decision to the trial court. Complainant prayed for a divorce and for general relief, but did not seek possession of the land.
The only reference to the land is contained in the sixth paragraph of the original bill of complaint which states:
The parties hereto jointly owned land on which there are buildings in Wilkinson County, Mississippi.
It is a well settled rule that a party complainant may have relief only on the case made by his bill of complaint and that the allegations of the pleadings and proof must correspond. In Griffith, Mississippi Chancery Practice, § 565, page 587 (2nd Ed. 1950) the author states:

It will not avail to establish a different case by the proof.  It is therefore a matter fundamental in its nature; and so being, it is one that must be kept uppermost in mind in the final hearing of a cause, as well as in all the preparations therefor theretofore made:  That a party complainant can have relief only on the case made by his bill of complaint, and that it will not avail him to establish another and a different case by his proof... .
*389 Likewise, in § 612, pages 653-654 (2nd Ed. 1950) of the same work, the rule is stated in slightly different language:
[T]he relief to be decreed must conform to, and come within, both the pleadings and the proof, including as proof those things which are judicially admitted; and no valid decree can go outside of the boundary prescribed by the pleadings and proof.
An exception to the general rule, that relief not asked for in the bill of complaint may be granted, is stated in Griffith, Mississippi Chancery Practice, § 567, pages 589-590 (2nd Ed. 1950) as follows:
[W]here evidence not within the pleadings has been received without objection and no point on it is raised before submission, the chancellor will not be expected to scrutinize the pleadings to raise himself merely doubtful points on this question, and the rule will then operate only when the proof is quite obviously beyond the scope of the pleadings.
In the case at bar, the issue of possession of the property was not presented by the pleadings and no proof appears in the record to bring the case within the exception to the general rule. There was no proof to substantiate the chancellor's holding that complainant was entitled to possession of the land.
We reverse and modify the decree by striking therefrom the award of possession of the land to complainant. There being no appeal from the judgment of the court granting complainant a divorce, the decree of divorce is affirmed.
Affirmed in part, reversed in part and rendered.
RODGERS, P.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.