LEE, J.,
for the Court.
¶ 1. This suit involves the dismissal of a complaint to cancel a deed. In August 1995, the Madison County Tax Collector sold a portion of the property at issue to John Cochran. In August 1997, James Alexander bought this property at a tax sale and subsequently went to the chancery clerk’s office to redeem the property, but the clerk refused to allow Alexander to do so. In October 1997, the chancery court delivered to Cochran a deed for the land from the 1995 tax sale, and in May 1999, Cochran executed a quitclaim deed to James Mahaffey conveying the property at issue. In September 1999, the chancery clerk delivered a tax deed to Alexander for the 1997 sale at which he purchased the property.
¶ 2. In February 2000, Mahaffey filed a complaint with the Madison County Chancery Court requesting that the chancellor declare null and void a tax deed executed to Alexander in September 1999, and asking that Mahaffey be given title free and clear. The chancellor dismissed the complaint and ordered that the previous quitclaim from Cochran to Mahaffey be canceled, effectively setting aside its prior judgment of confirmation in Cochran’s behalf.
¶ 3. Mahaffey claims that the chancellor erred in ruling on this matter when the necessary parties were not all included, referring to the omission of Cochran as a party. Also, Mahaffey points out that the relief granted was not requested in the pleadings and, thus, the chancellor went beyond his scope in making his ruling. We review the parties’ arguments and the applicable case law and affirm the chancellor’s decision.
I. DID THE CHANCELLOR ERR IN RULING ON THIS CASE WHEN JOHN COCHRAN WAS NOT INCLUDED AS A PARTY TO THIS ACTION?
¶ 4. At the outset, we note that our standard of review only permits us to reverse the decision of a chancellor if we find that he abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard. Girard Sav. Bank v. Worthey, 761 So.2d 230 (¶ 9) (Miss.Ct.App.2000). With his first issue, Mahaffey maintains that the chancellor did not have the authority to cancel the tax deed that Cochran quitclaimed to Mahaf-fey. He also argues that the relief granted adjudicated Cochran’s rights; therefore, Cochran should have been included as a party to this matter.
¶ 5. To determine whether or not Cochran should have been included as a party, we look to applicable law.
A necessary party is a person who has such a substantial interest in the suit that no complete, practical, and final judgment can be made without directly affecting his interest or else leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience. Any person in whose behalf a substantial interest is or may be claimed is more than a nominal party.
Warner’s Griffith, Mississippi Chancery Practice, § 108 (1991).
¶ 6. The Mississippi Rules of Civil Procedure are also instructive regarding necessary parties:
A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
*1286 (1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
M.R.C.P. 19(a) (2001). Case law reveals, “It has been held that as a general rule all persons who are materially interested in the event or subject matter, without whom no effective judgment or decree can be rendered, should be made parties, in a suit to quiet title.” Magnolia Textiles, Inc. v. Gillis, 206 Miss. 797, 807, 41 So.2d 6, 8 (1949). We also recognize the maxim of equity which states that all persons with an interest in the subject of litigation whose interest will be affected by the judgment must be made parties to the action, to enable the court to do complete justice and not by halves. See Mississippi Chancery Practice at §§ 36, 109. More precisely, the necessity of a party has also been explained with regard to interests in land:
All persons holding either legal or equitable interest in the land must be made parties, as the judgment determining the title must be binding on all. Every person who holds any adverse title or claim must be joined, however diverse among themselves may be the several claims of the defendants. The very name, an action to quiet and confirm title, declares this requirement. If any outstanding title or claim were left un-disposed of, which therefore might arise to future controversy, there would be accomplished no quieting. Persons who no longer claim any interest in the property, having conveyed it away, and against whom no personal judgment is sought, are neither indispensable nor even proper parties, except as to the grantor’s warranty.
Id. at § 113 (emphasis added).
¶ 7. According to the above-cited authorities, we find it apparent that Cochran was not a necessary party to this case. Cochran was granted a judgment confirming the tax title to him, and he in turn executed a quitclaim deed to Mahaffey. These acts occurred after Alexander had attempted to redeem the property. From the moment in August 1997 when the chancery clerk denied Alexander the right to redeem, the acts thereafter were tainted and, thus, subject to the chancellor’s void. As the chancellor stated, Cochran merely conveyed what interest he had in the property to Mahaffey, thus divesting himself of all rights or interest he may have had in the land. He no longer held legal or equitable interest in the land, and his presence in this matter would not affect his interests. Therefore, we do not find that Cochran was a necessary party. We find no error here and affirm the chancellor.
II. DID THE CHANCELLOR ERR IN GRANTING RELIEF NOT SPECIFICALLY PRAYED FOR IN THE PLEADINGS?
¶ 8. With his second issue, Mahaf-fey argues that the chancellor did not have the authority to grant relief other than that which was prayed for in the pleadings. In Mahaffey’s prayer for relief at the close of his complaint, he stated the following:
WHEREFORE, Plaintiff requests that (1) the Tax Deed attached as Exhibit “D” herein be declared null and void and canceled of record and (2) that the Defendant and every person claiming by or through him be forever barred from any and all claim to an interest to the real *1287 property described in paragraph 3 herein. AND, Plaintiff prays for general relief.
At the end of Alexander’s answer to the complaint, he states, “We pray that the court will act in good faith and throw this matter out and confirm title of property to James Alexander.” Mahaffey claims that, at most, the chancellor was only entitled to dismiss the complaint. Mahaffey also cites Barnes v. Barnes, 317 So.2d 387, 388 (Miss.1975), for the rule that a party may have only the relief prayed for. Alexander counters that the chancellor had the authority to make the decision he did because relevant Mississippi case law required that he take such action.
¶ 9. We review the chancellor’s decision and find that he acted within his authority in canceling the judgment for Cochran and in deeming Cochran’s conveyance to Ma-haffey void. The chancellor found, as a fact, that Alexander was refused by the chancery clerk’s office the right to redeem the subject land from the 1995 tax sale and that such action was error. This being the case, the events that followed were all tainted as they flowed from the clerk’s mistake.
¶ 10. The chancellor cited to Kelly v. Coker, 197 Miss. 131, 19 So.2d 519 (1944), where the chancery clerk similarly refused to allow the party to pay and redeem the property. In Kelly, Kelly made attempts to redeem the land at the chancery clerk’s office, but was continually refused such allowance. Kelly, 197 Miss. at 134,19. So.2d at 519-20. The land was later sold in a tax sale and Burwell was the purchaser; he subsequently conveyed the interest to Coker, the appellee. Id. Kelly appealed to the chancellor asking that he invalidate the deed to Coker. The supreme court found that “the offer and request to redeem when the party is ready and able to do so, where refused either arbitrarily or through unintentional misrepresentation of facts, took away from the [Sjtate the power to convey the title to Burwell.” Id. Accordingly, the court invalidated the sale to Burwell as well as the conveyance to Coker, having found that Kelly was improperly denied the right to redeem. Id. See also Levy v. McCay, 445 So.2d 546 (Miss.1984).
¶ 11. According to the law described in Kelly, the chancellor was within his authority to make the decision he did. The fact that this specific prayer was not enunciated in the pleadings is of no matter. By the very virtue of Alexander’s position and his unsuccessful attempt at redeeming the land, it is clear that in requesting the chancellor’s dismissal and confirmation of title in him, he was seeking to have the chancellor void out the sale to Cochran and the subsequent conveyance to Mahaffey. We find no error with the chancellor’s decision on this issue. Accordingly, we affirm.
¶ 12. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR. IRVING, J., NOT PARTICIPATING.