WALLER, Chief Justice,
concurring in part and in result:
¶ 78. Because I disagree with the majority opinion addressing Issue I proeedurally and substantively, I concur in part and in result with an otherwise excellent opinion.
I. Standard of Review
¶ 79. Bluewater asserted on appeal in Issue I that this Court does not have to give deference to the chancellor’s factual findings as the chancellor had adopted verbatim Williford’s proposed findings of fact and conclusions of law. The discussion need go no further, as whatever Williford submitted to the trial court is not in the record. Notwithstanding the procedural bar, the majority then goes on to disregard our precedent on the “heightened-scrutiny” standard of review for certain limited decisions that are appealed to this Court. Bluewater did not provide the part of the record needed for us to determine whether a less deferential standard of review would be more appropriate. Miss. R.App. P. 28. All that we have is speculation that the chancellor did something (adopted Willi-ford’s findings verbatim) that is not supported in the appellate record before this Court. Therefore, we should find no merit in its argument without further discussion on the subtleties of standards of review. See Miss. R.App. P. 28; Wood v. Gulf States Capital Corp., 217 So.2d 257, 273 (Miss.1968).
¶ 80. While the majority’s discussion of our standards of review is unwarranted, two points must be emphasized. First, the abuse-of-discretion standard does not apply in situations in which a chancellor adopts a party’s proposed findings verbatim. Maj. Op. ¶ 32. City of Jackson v. Spann, 4 So.3d 1029, 1032 (Miss.2009). We apply heightened scrutiny, and this less deferential standard is firmly embedded in our jurisprudence. Heightened scrutiny refers to appellate review with a heightened “sensitivity to the possibility of error....” In re Estate of Grubbs, 753 So.2d 1043, 1048 (Miss.2000). In other words, the Court still defers to the chancellor’s findings but with a closer examination of the record. See id.
¶ 81. I agree with the majority that we must carefully review cases and remain sensitive to errors. Maj. Op. ¶ 27. No one disputes that. However, the issue is what deference chancellors should be afforded in their factual decisions when the *166 record calls into question the independent findings our trial judges are obligated to make. Deferring to a chancellor’s factual findings does not mean that we intend to neglect our judicial function. See Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 898 (Miss.2006).[47]
¶ 82. Second, the abuse-of-discretion standard is not limited to allowing a party a new trial upon proof that a chancellor’s factual findings are “tainted or untrustworthy.” Maj. Op. ¶ 32. Powell v. Campbell, 912 So.2d 978, 981 (Miss.2005). This Court defers to a chancellor’s findings unless the chancellor was “manifestly wrong, clearly erroneous, or applied the wrong legal standard.” Id.
II. Notice Pleading
¶ 83. Even though the Court of Appeals improperly relied on Barnes, French, and Tucker, those cases should not be overruled. Maj. Op. ¶ 37. They support the practice codified in our current procedural rules.
¶ 84. Barnes and French show that a party is entitled to what she proves at trial. In Barnes, we reversed the grant of exclusive possession of a couple’s land to the husband because the chancellor made the award without any proof at trial. Barnes v. Barnes, 317 So.2d 387, 388-89 (Miss.1975). Today, we would have reached the same result had a chancellor awarded a spouse marital property without proper Ferguson findings. Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994). See, e.g., Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997) (failure to classify wife’s pension as marital asset reversible error). In French, this Court (then known as the High Court of Errors and Appeals of Mississippi) held that the plaintiff was entitled to judgment in the amount of his actual loss rather than the lesser specific amount he had requested in his complaint. French v. Davis, 38 Miss. 218, 1859 WL 3683, *4 (Miss.Err. & App.1859).
¶ 85. Finally, Tucker involved a lower court’s order for Jane Buckingham to account for trust-estate profits she had earned during the time frame that she had controlled and managed trust property. Tucker v. Cocke, 32 Miss. 184, 1856 WL 2657, **1-2 (Miss.Err. & App.1856). For reasons inapplicable today, Buckingham could not have been held liable. Id. at *3. Thus, the issue there was not so much that the Tuckers were denied relief that was outside the scope of their complaint. See id. Rather, the lower court had granted the Tuckers relief to which they were not legally entitled. Id. at **2, 4.
¶ 86. Here, Williford’s complaint clearly alleged breach of contract and requested compensatory damages. The chancellor awarded Williford the damages that he proved at trial. Because the result here does not conflict with principles in Barnes, French, or Tucker, these cases should not be overruled. Thus, I respectfully concur in part and result only.
PIERCE, J., JOINS THIS OPINION.

. By way of comparison, in the federal context, the federal courts of appeals apply a clearly-erroneous standard of review to district courts’ factual findings. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). This deferential standard recognizes that the reviewing court stands in an inferior position to decide factual issues de novo. Id. at 573, 105 S.Ct. 1504.