# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00454-COA

**ALLEN JOHN PUTNEY AND LINDA LOUISE PUTNEY**                    **APPELLANTS**

**v.**

**DANNY R. SANFORD**                                                           **APPELLEE**

DATE OF JUDGMENT:               06/27/2017
TRIAL JUDGE:                         HON. DAVID SHOEMAKE
COURT FROM WHICH APPEALED:   COVINGTON COUNTY CHANCERY
                                          COURT
ATTORNEY FOR APPELLANTS:       ROBERT WENDELL JAMES
ATTORNEY FOR APPELLEE:          COREY DANIEL GIBSON
NATURE OF THE CASE:             CIVIL - REAL PROPERTY
DISPOSITION:                       AFFIRMED - 07/23/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     Danny R. Sanford filed a petition for declaratory judgment against Allen John Putney

and Linda Louise Putney (the Putneys) in the Covington County Chancery Court.[1]  In his

complaint, Sanford requested an order from the chancery court declaring that title to two

parcels of land be vested solely in his name.  On June 27, 2017, the chancellor entered a

---

[1] Money Lenders Finance Co. Inc. (Money Lenders) was added by Sanford as a defendant in this action in his first amended petition for declaratory relief.  Sanford alleged that Money Lenders "is the company believed to have loaned money to Allen John Putney and the land at issue in this suit was used as collateral to secure the loan."  But Money Lenders Finance Co. Inc. did not file any pleadings, offer any testimony or evidence, or otherwise appear in the chancery court and is therefore not a party to this appeal.

judgment in favor of Sanford, denying the Putneys' motions to dismiss and counter-claims and determining that Sanford be vested with title to all of the real property requested.

¶2. Upon denial of their general motion for reconsideration, the Putneys filed a notice of appeal from the declaratory judgment and the order denying reconsideration. The Putneys raise the following issues: (1) whether Sanford's claim is barred for lack of privity of contract between Sanford and the Putneys; (2) whether Sanford failed to join a necessary party to the action; (3) whether Sanford's claim is barred by the doctrines of estoppel and/or laches; and (4) whether Sanford's petition for declaratory judgment failed to state a claim upon which relief could be granted. For the reasons stated below, we affirm.

**FACTS**

¶3. This case involves a dispute over whether the Putneys intended to convey two parcels of real property located in Covington County, Mississippi. The facts of this case are largely undisputed.

¶4. In November 2012, the Putneys transferred 196 acres to Carl Mann via warranty deed (the "Putney-Mann deed") and pursuant to a contract and agreement for the sale and purchase of real property (the "contract"). In June 2015, Mann transferred the same 196 acres to Sanford via warranty deed (the "Mann-Sanford deed"). Both deeds were prepared by attorney B. Scott Buffington.

¶5. Shortly after purchasing the property from Mann, Sanford became aware of an error in the land description contained in Tract 1 of the Putney-Mann deed. Buffington filed an affidavit of scrivener's error to correct the error in August 2015. In January 2016, Sanford

2

filed his petition for declaratory judgment, requesting that title to the two disputed parcels of land be vested solely in his name. A trial on the matter was held on January 26, 2017, and on May 30, 2017.

¶6.     At trial, Mann testified that he intended to buy the 196 acres that was described in the contract. Neither Mann nor the Putneys knew there was an error in the land description until after Sanford purchased the property and engaged Buffington to file the affidavit of scrivener's error to correct the Putney-Mann deed. Sanford testified that he intended to purchase the property described in the Mann-Sanford deed, which included the same 196 acres that was described in the contract that merged into the Putney-Mann deed. Mr. Putney testified that he did not intend to convey either parcel of land. Despite this, Mr. Putney testified that he signed both the contract and the Putney-Mann deed, and that the instruments were sworn and truthful. Mr. Putney also conceded on two separate occasions (on cross-examination and redirect) that he intended to sell to Mann 194 of the approximately 196 acres.[2]

¶7.     In its June 27, 2017 declaratory judgment, the chancery court found by clear and convincing evidence that the Putney-Mann deed contained a mistake in the Tract 1 land description. The court also found that the affidavit of scrivener's error properly corrected the Putney-Mann deed to reflect the parties' intentions. And the court found that the Putneys intended to convey the property described in the Mann-Sanford deed—the entire 196 acres originally transferred by the Putneys to Mann and then by Mann to Sanford. The court

---

[2] Ms. Putney did not testify at trial.

3

thereafter dismissed both of the Putneys' motions to dismiss, as well as their counter-claims. The court vested title to all of the real property described in the Mann-Sanford deed to Sanford.

¶8.     The Putneys subsequently filed a motion for reconsideration on July 10, 2017, which the chancery court denied in an order entered February 22, 2018. Upon denial of their general motion for reconsideration, the Putneys filed a notice of appeal from the declaratory judgment and from the order denying reconsideration. The Putneys raise the following issues: (1) Whether Sanford's claim is barred for lack of privity of contract between Sanford and the Putneys; (2) whether Sanford failed to join a necessary party to the action; (3) whether Sanford's claim is barred by the doctrines of estoppel and/or laches; and (4) whether Sanford's petition for declaratory judgment failed to state a claim upon which relief could be granted.[3]

## STANDARD OF REVIEW

¶9.     While the decision to grant declaratory judgment relief is discretionary, the judgment's conclusions of law are reviewed de novo. *Sledge v. Grenfell Sledge and Stevens PLLC*, 263 So. 3d 655, 661 (¶12) (Miss. 2018).

## ANALYSIS

---

[3] In support of their first assignment of error, the Putneys contend that Sanford has no cause of action against them that would allow correction of the error contained in the Putney-Mann deed. Similarly, in their fourth assignment of error, the Putneys contend that Sanford's Petition for Declaratory Judgment failed to state a claim upon which relief could be granted. Because we find the Putneys' first and fourth assignments of error pertain to Sanford's standing to seek declaratory judgment, we combine these issues in our analysis.

4

¶10. Although not raised by either party, we must address the issue of whether this Court has jurisdiction to consider the Putneys' appeal. *See Michael v. Michael*, 650 So. 2d 469, 471 (Miss. 1995) ("Whether raised by the parties or not, this Court is required to note its own lack of jurisdiction."). "A timely-filed notice of appeal is a jurisdictional prerequisite to invoking this Court's review." *Massey v. Oasis Health & Rehab of Yazoo City LLC*, 269 So. 3d 1242, 1249 (¶13) (Miss. Ct. App. 2018). Generally, "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." *Id.* at *5 (¶14) (quoting M.R.A.P. 4(a)). But under Mississippi Rule of Appellate Procedure 4(d), if a party files a *timely* motion to alter or amend the judgment under Mississippi Rule of Civil Procedure 59, "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be filed *not later than ten days after entry of the judgment*." (Emphasis added). "Rule 59(e)'s ten-day deadline and the thirty-day deadline for filing a notice of appeal are 'absolute' and 'inflexible' and may not be extended in civil cases." *Massey*, 2018 WL 4204207, at *5 (¶17) (quoting *Wilburn v. Wilburn*, 991 So. 2d 1185, 1191 (¶11) (Miss. 2008)). "[A]n untimely Rule 59 motion does not toll the thirty-day time period to file a notice of appeal." *Id.* (internal quotation mark omitted).

¶11. Here, the chancery court entered its declaratory judgment in Sanford's favor on June 27, 2017. The Putneys filed their motion for reconsideration on July 10, 2017—13 days after the chancery court's entry of judgment. Applying the time standards outlined in Rule 59(e),

the Putneys' motion should have been filed no later than July 7, 2017. Thus, the Putneys' motion for reconsideration was untimely, and, under Mississippi Rule of Appellate Procedure 4(a), the Putneys' time for appeal was not tolled by their post-trial motion. The Putneys did not file their notice of appeal until March 22, 2018, which was well past thirty days after the chancery court's entry of judgment on June 26, 2017. We therefore find that the Putneys' appeal is untimely.

¶12. But Sanford did not object to the timeliness of the Putneys' motion for reconsideration before the chancery court, and no party raises the timeliness of the Putneys' Rule 59(e) motion or their notice of appeal in this Court. Both *Massey* and *Wilburn* involved a similar procedural posture, and we are bound to follow the Mississippi Supreme Court's holding in *Wilburn*. There, our Supreme Court treated the appeal as timely and exercised jurisdiction even though the appeal was untimely because the appellant filed her Rule 59(e) motion a day late. *Wilburn*, 991 So. 2d at 1190-91 (¶¶11-13). "In substance, it appears that the Supreme Court *deemed* [the appellant's] Rule 59 motion timely because [the appellee] failed to raise the issue in the chancery court, which meant that her appeal was also timely and that the Court had appellate jurisdiction." *Massey*, 2018 WL 4204207, at *5 (¶18) (citing *Wilburn*, 991 So. 2d at 1191, 1194-95 (¶¶12-13, 20-25)); *see also Brown v. Blue Cane Cowart Tippo Water Assoc. Inc.*, 2018-CA-00242-COA, 2019 WL 2353421 at *4 (¶23) (Miss. Ct. App. June 4, 2019) (noting that the Supreme Court has relaxed the strict enforcement of time limits for filing appeals in cases where post-trial motions are not timely filed); *Walker v. May*, 166 So. 3d 613, 614-15 (¶¶5, 9) (Miss. Ct. App. 2015) (reaching the merits of an appeal "in

6

deference to [*Wilburn*]," even though "this Court [did] not have jurisdiction"); *cf. DeSoto County v. Standard Constr. Co. Inc.*, 2018-CC-00027-COA, 2019 WL 276038 at *2-5 (¶20) (Miss. Ct. App. Jan. 22, 2019) (declining to address merits of the case where a motion to dismiss appeal as untimely was filed). As in *Massey* and *Walker*, we follow *Wilburn*'s instruction and address the merits of the Putneys' appeal.

## I.    Whether Sanford had standing to seek declaratory judgment.

¶13.    In support of their first assignment of error, the Putneys assert that Sanford has no cause of action against them that would allow correction of the error contained in the Putney-Mann deed. Specifically, the Putneys contend that there is no privity of contract between Sanford and them because the Putneys did not sign a contract or a warranty deed in favor of Sanford. Similarly, in their fourth assignment of error, the Putneys contend that Sanford's petition for declaratory judgment failed to state a claim upon which relief could be granted. We find the Putneys' assignments of error on these points to be misplaced.

¶14.    Mississippi Rule of Civil Procedure 57(b)(1) provides:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status or other legal relations thereunder.

¶15.    Sanford purchased 196 acres of real property from Mann via the June 2015 Mann-Sanford deed. Upon correction of the November 2012 Putney-Mann deed via Buffington's affidavit of scrivener's error, Sanford became aware of the Putneys' claim that they did not intend to convey to Mann certain land described in the Putney-Mann deed. Sanford

7

subsequently filed his petition for declaratory judgment. Thus, because Sanford is an interested party under the June 2015 Mann-Sanford deed, and because the Putneys call the validity of the warranty deeds into question, we find that Sanford both had standing to assert and properly stated a cause of action confirming title via his petition for declaratory judgment.

¶16. Mississippi law recognizes "the right to reform instruments not only against the original parties and their privies, but also against purchasers from them with notice of their rights." *Sunnybrook Children's Home Inc. v. Dahlem*, 265 So. 2d 921, 925 (Miss. 1972). Thus, it follows that Sanford need not be an original party to the Putney-Mann deed or even be in privity of contract with the Putneys to be vested with the right to reform an instrument in his chain of title.

¶17. As an interested party, Sanford has standing to assert his claims against the Putneys, and we find the Putneys' arguments to the contrary to be without merit. Privity of contract is not required to reform a deed under Mississippi law. We therefore affirm.

**II.    Whether Sanford failed to join a necessary party to the action.**

¶18. The Putneys also contend that Sanford failed to join a necessary party to this action. Specifically, they argue that Mann was a necessary party to the case, and that Sanford's failure to join Mann justifies reversal due to a violation of Mann's fundamental right to due process.

¶19. Mississippi Rule of Civil Procedure 19(a) provides that a party subject to the jurisdiction of the court shall be joined if (1) "in his absence complete relief cannot be

8

accorded among those already parties," or (2) "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence" either "impair[s] or impede[s] his ability to protect that interest" or "leave[s] any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

¶20.    We echoed Rule 19 when we held:

> [A] necessary party is a person who has such a substantial interest in the suit that no complete, practical, and final judgment can be made without directly affecting his interest or else leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience.

*Mahaffey v. Alexander*, 800 So. 2d 1284, 1285 (¶5) (Miss. Ct. App. 2001) (quoting George D. Warner Jr., *Warner's Griffith Mississippi Chancery Practice* § 108 (1991)).    The *Mahaffey* Court, which upheld a chancellor's decision in an action to quiet title, explained the necessity of a party with regard to interest in land:

> All persons holding either legal or equitable interest in the land must be made parties, as the judgment determining the title must be binding on all.  Every person who holds any adverse title or claim must be joined, however diverse among themselves may be the several claims of the defendants.  The very name, an action to quiet and confirm title, declares this requirement.  If any outstanding title or claim were left undisposed of, which therefore might arise to future controversy, there would be accomplished no quieting.  *Persons who no longer claim any interest in the property, having conveyed it away, and against whom no personal judgment is sought, are neither indispensable nor even proper parties,* except as to the grantor's warranty.

*Id*. at 1286 (¶6) (emphasis in original) (quoting *Mississippi Chancery Practice*, at § 113).

¶21.    Here, Mann claims no interest in the land whatsoever.  Mann conveyed what interest he had in the property—the entire 196 acres conveyed by the Putneys—to Sanford via the

9

Mann-Sanford deed. Through that conveyance, he "divest[ed] himself of all rights or interest he may have had in the land." *Mahaffey*, 800 So. 2d at 1286 (¶7). Subsequent to the conveyance to Sanford, Mann no longer held legal or equitable interest in the land. Further, Sanford sought no personal judgment from or against Mann in this action. Thus, Mann's presence in this matter would not affect a final determination of the matter as between Sanford and the Putneys. As such, we find that Mann was not a necessary party to this action.

### III. Whether Sanford's claim is barred by the doctrines of estoppel and/or laches.

¶22. Lastly, the Putneys contend that Sanford's claim is barred by a three-year statute of limitation or the doctrines of estoppel or laches. The Putneys make only a cursory assertion that Sanford's claim is time-barred, and they fail to provide any support in the record for the proposition that Sanford's claim is barred by estoppel or laches.[4] As such, we decline to address these arguments on their merits. *See Walker v. State*, 823 So. 2d 557, 563 (¶13) (Miss. Ct. App. 2002) ("[T]his Court is under no duty to consider assignments of error when

---

[4] Equitable estoppel applies when "there is a (1) belief and reliance on some representation; (2) a change in position as a result thereof; and (3) detriment or prejudice caused by the change of position." *Strickland v. Day*, 239 So. 3d 486, 493 (¶30) (Miss. 2018). Moreover, the Putneys must satisfy three independent criteria to invoke laches. *Allen v. Mayer*, 587 So. 2d 255, 260 (Miss. 1991). First, the Putneys must show Sanford's delay in asserting his right or claim to the relief granted in the declaratory judgment. *Id*. Second, they must show that Sanford's delay was not excusable. *Id*. Third, the Putneys must show that they suffered undue prejudice as a result of Sanford's delay. *Id*. "Whether laches bars an action in a given case depends upon the circumstances of that case and is a question primarily addressed to the discretion of the trial court." *Id*. (internal quotation marks omitted).

no authority is cited.") (citing *Drennan v. State*, 695 So. 2d 581, 585-86 (Miss. 1997)).  This assignment of error is without merit.

## CONCLUSION

¶23.    We find that the chancery court acted within its discretion in granting a declaratory judgment in favor of Sanford and against the Putneys.  The chancery court properly determined the intent of the parties in this matter with regard to the conveyance of the real property at issue, and we find the Putneys' assignments of error to be without merit.  We therefore affirm.

¶24.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

11